NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY GEORGES,

          Plaintiff,

v.

CLINICIAN LEFF and DIRECTOR OF
MENTAL HEALTH DEPARTMENT KALAL,

          Defendants.

Case No. 22cv2939 (EP) (JRA)

**OPINION**

**PADIN, District Judge.**

    *Pro se* Plaintiff Ashley Georges, a prisoner at South Woods State Prison,[1] New Jersey, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. D.E. 1 ("Complaint" or "Compl."). Because the Court granted Georges' *in forma pauperis* ("IFP") application, D.E. 5, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    For the reasons below, the Court will **DISMISS** the Complaint **without prejudice** and **GRANT** Georges leave to amend.

---

[1] The docket lists Georges' address as Northern State Prison, but a recent letter in another of Georges' cases before the Court indicates he is now in South Woods State Prison. *See Georges v. McElroy*, No. 21cv17394, D.E. 8. The Court's accompanying Order will direct the Clerk of the Court to update Georges' address.

I.     BACKGROUND[2]

Georges alleges that Defendants Clinician Leff and East Jersey State Prison ("EJSP") Director of Mental Health Department Kalal "intentionally and maliciously denied [him] mental health treatment" while he was detained at EJSP. Compl. at 1. In November 1999, Georges was shot in the face and back. *Id.* ¶ 7. Though he received treatment for his physical injuries, he did not receive mental health care. *Id.* ¶ 9. Since that time, Georges has suffered from nightmares and flashbacks. *Id.* ¶ 10. "[D]espite suffering mentally[,]" Georges "was never seen by any psychologist pertaining to this specific matter . . . ." *Id.* Georges "has avoided talking about his episodes, to not expose his vulnerability[,] and [he] hop[ed] that [the episodes] would [eventually] just go away . . . ." *Id.* ¶ 11.

Georges was incarcerated at EJSP on December 29, 2021. *Id.* ¶ 13. He received a disciplinary infraction for refusing to take a COVID-19 test and was placed into isolation. *Id.* Leff visited Georges the next day "in an attempt to coax [Georges] into taking the Covid test." *Id.* Georges told Leff that he would only speak with "an independent Inmate Abuse [Liaison] due to various issues [that Georges] believed were abusive practices being utilized against him personally . . . ." *Id.* ¶ 14. Leff asked Georges to elaborate, and Georges "explained that he had a number of issues" but specifically mentioned being moved to 3Wing, an "in house punishment unit," on October 22, 2021, for "4 bogus charges . . . ." *Id.* ¶¶ 15-16. At 3Wing, Georges was "forced to share a cell with younger delinquent inmates, mentally ill or disturbed prisoners, and habitual drug users" until the charges were dismissed on November 4, 2021. *Id.* ¶¶ 15, 18. Georges "found the

---

[2] This section derives mainly from the Complaint. The Court "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

2

discussion with [Leff] helpful because she utilized her clinical skills[,] which assisted [Georges] to view a different perspective that ultimately led him to making a different decision." *Id.* ¶ 18.

Afterwards, George submitted requests for mental health treatment because his time in 3Wing "exacerbated his anxiety and behavioral attitude[, which] were detrimental to his established progression at [EJSP] . . . ." *Id.* ¶ 19. During a scheduled appointment, Leff asked Georges about his mental health issues but "abruptly stopped him and claimed that he did not have a mental health issue[,] he had a single cell issue." *Id.* ¶ 20. "She then expressed to [Georges] that 'I have to see 11 other individuals this morning,' ending his assessment [with the conclusion] that [Georges] only wanted a single cell." *Id.*

Georges filed an inmate inquiry to explain that he had been unable to tell Leff about the 1999 shooting and resulting trauma and that he did not have "a thorough evaluation because . . . Leff had a preconceived notion that [Georges] was trying to make a play for a single cell . . . ." *Id.* ¶ 21. "Kalal responded that [Georges] has been incarcerated for two decades and ha[s] seen several pysch[ologists] and never revealed these issues." *Id.* ¶ 22. Kalal indicated that he supported Leff's assessment "that [Georges'] symptoms were not 'acute' enough to require treatment." *Id.* Kalal also represented that the Mental Health Department would never make a "single cell recommendation" for Georges. *Id.* Georges later submitted another request for treatment, which Kalal denied. *Id.* ¶ 23.

II.     **LEGAL STANDARDS**

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" that demonstrates that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). When reviewing a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. ANALYSIS

#### A. Georges Does Not Sufficiently State an Eighth Amendment Claim

Georges alleges that Leff and Kalal denied him mental health treatment in violation of the Eighth Amendment. To state an Eighth Amendment claim, a plaintiff must make both "(1) a subjective showing that 'the defendants were deliberately indifferent to [the plaintiff's] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Georges has not satisfied either requirement.

First, Georges fails to make an objective showing that his medical needs were serious. "A medical need is 'serious,' . . . if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quoting *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860

4

(3d Cir. 1981)). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Id.* Georges does not specify what "treatment" he believes should have been provided, and he admits that no physician has ever diagnosed him as requiring mental health treatment for his nightmares and flashbacks. Compl. ¶¶ 10-11. He also has not provided sufficient facts such that the Court could plausibly infer that a lay person would recognize the necessity of treatment. Because Georges fails to make this objective showing, Georges fails to sufficiently allege an Eighth Amendment claim.

However, even if the Court were to assume that Georges demonstrated an objectively serious medical need, he has not made a subjective showing that Leff and Kalal were deliberately indifferent to that need. "Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). The Third Circuit has found deliberate indifference when "(1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Pearson*, 850 F.3d at 538.

Georges states that he did not tell Leff about his nightmares and flashbacks. Compl. ¶ 21. Leff cannot be deliberately indifferent to a need that she did not know about. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."); *Pearson*, 850 F.3d at 540 (finding no deliberate indifference in the absence of "evidence that the seriousness of [the plaintiff's] bleeding was communicated to [the nurse] at that

time"). To state a claim against Leff, Georges must be able to allege that he provided Leff with sufficient information to conclude that Georges needed medical treatment. Because the Complaint does not allege such facts, the Court will dismiss the claims against Leff without prejudice.

The Court will also dismiss the claims against Kalal without prejudice for failure to provide such facts as to Kalal. According to the Complaint, Kalal responded to Georges' inquiry by noting that George had never mentioned nightmares or flashbacks despite being incarcerated for over twenty years and "see[ing] several psych[ologists] . . . ." Compl. ¶ 22. Kalal also reviewed and supported Leff's assessment "that [Georges'] symptoms were not 'acute' enough to require treatment." *Id.* On these limited facts, the Court cannot reasonably infer that Kalal recklessly withheld necessary medical treatment from Georges for agreeing with Leff's assessment or for denying Georges' later request for unspecified treatment. *Id.* ¶ 23.

Accordingly, the Court will **DISMISS** the Complaint without prejudice.

**B. The Court Will Grant Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Georges may allege facts that would cure the identified deficiencies, the Court will grant Georges 45 days to submit a proposed amended complaint ("PAC"). Failure to submit the PAC within the time set by the Court may result in dismissal with prejudice. Prior to service, the PAC will be subject to the Court's § 1915 review.

Georges should note that when the amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint unless the relevant portion is specifically incorporated. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint

may adopt some or all the allegations, but the identification of any adopted allegations must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in and of itself. *Id.*

## IV. CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Complaint **without prejudice**, 28 U.S.C. § 1915(e)(2)(B)(ii), and **GRANT** Georges leave to amend. Georges may submit a proposed amended complaint within **45 days** of this Opinion. An appropriate Order accompanies this Opinion.

Dated: August 29, 2023

                                                                                 Evelyn Padin, U.S.D.J.